UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:06-CR-54 |
| ) | |
| v. ) | The Honorable Gerald Bruce Lee |
| ) | Hearing: October 18, 2013 at 9:00am |
| ASHREF ADIL BANNAGA, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S POSITION WITH RESPECT TO**
**DEFENDANT'S SUPERVISED RELEASE VIOLATION**

The United States of America, pursuant to 18 U.S.C. § 3583 and Rule 32.1 of the Federal Rules of Criminal Procedure, submits the following memorandum on the supervised release violation of the defendant, Ashref Adil Bannaga. The defendant has violated the conditions of his supervised release by committing a federal crime. For the reasons stated below, the United States respectfully recommends that the Court revoke the defendant's supervised release and impose a term of imprisonment within the Sentencing Guidelines range of 12 to 18 months.

**I.  Background**

On February 15, 2006, the defendant pled guilty to Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) & (d). On May 5, 2006, the defendant was sentenced by this Honorable Court to 70 months imprisonment, followed by four years of supervised release. It was noted at sentencing that the defendant had already paid restitution in the amount of $53,990 to the victim, Provident Bank. On January 20, 2011, the defendant was released from custody and began supervision in the District of Maryland. According the Probation Officer in Maryland, the

1

defendant was employed as a laborer and was actively engaged in a treatment program.

## II. Current Alleged Violation

On December 7, 2011, the defendant was arrested in Frederick County, Maryland and charged with (i) armed robbery, (ii) robbery, (iii) use of a firearm during commission of a crime of violence or a felony, (iv) assault, and (v) theft between $1,000 and $10,000.  On June 20, 2012, the defendant was indicted in the United States District Court for Maryland on one count of Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a), (d), and (f).  The state charges were nolle prossed on June 27, 2012.

The defendant pled guilty to the federal indictment on December 21, 2012.  In his plea agreement, the defendant agreed that at trial, the United States would have proven that:

- On December 7, 2011, the defendant robbed the Capital One Bank located at 1305 West 7th Street in Frederick, Maryland.
- The defendant entered the bank with a mask and a hood covering his face, brandished what appeared to be a firearm, and ordered employees and customers into one general area.  The gun was an Airsoft replica BB-type gun.
- The defendant, still brandishing the gun, ordered the branch manager to the safe and demanded that she open it.
- When the branch manager could not open the safe, the defendant went to a teller window, opened the teller drawer, and stole approximately $5,995.

On September 27, 2013, the defendant was sentenced in the U.S. District Court for Maryland to 60 months imprisonment followed by 5 years of supervised release.

**III. Legal Standard**

Upon finding by a preponderance of the evidence that a defendant has violated a condition of his supervised release, a court may: (i) revoke supervised release and impose a term of imprisonment authorized by statute; (ii) under certain conditions, extend the term of supervised release; or (iii) modify, reduce, or enlarge the conditions of supervised release. *See* 18 U.S.C. § 3583(e). Supervised release revocation hearings are not formal trials. *See United States v. Woodrup*, 86 F.3d 359, 362 (4th Cir. 1996). A court need only find by a preponderance of the evidence that the defendant violated a condition to support a revocation order. *See* 18 U.S.C. § 3583(e)(3); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). The United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G") provide non-binding policy statements regarding supervised release violations. *See* U.S.S.G. § 7Al; *see also United States v. Davis,* 53 F.3d 638, 640 (4th Cir. 1995). The Guidelines also present recommended incarceration ranges upon revocation based upon the defendant's criminal history category and the nature of the violation. *See* U.S.S.G. § 7B1.4.

In considering what action to take upon a violation of supervised release, Section 3583(e) directs courts to consider certain factors set forth in Section 3553(a). Specifically, courts are to consider, to the extent applicable: (i) the nature and circumstances of the offense, and the history and characteristics of the defendant; (ii) the need to for adequate deterrence; (iii) the need to protect the public from further crimes of the defendant; (iv) the need to provide the defendant with training or treatment; (v) the kinds of sentences and the applicable sentencing ranges in the Guidelines; (vi) any pertinent Guidelines policy statement; (vii) the need to avoid unwarranted sentencing disparities; and (viii) the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a); 18 U.S.C. § 3583(e).

### IV. Analysis

The violation alleged in the petition constitutes a Grade A violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(1) (Grade A violation for "conduct constituting… any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years"). As a result, it is appropriate to revoke supervised release. *See* U.S.S.G. § 7B1.3(a)(1) ("Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release."). The recommended sentencing range is 12 to 18 months based on the defendant's criminal history category of I at the time of sentencing for the underlying offense. *See* U.S.S.G. § 7B1.4(a) & cmt. 1. Because the defendant's underlying offense is a Class B felony, the Court may not impose a term of imprisonment that exceeds three years. *See* 18 U.S.C. § 3583(e). The Court may impose an additional term of supervised release after imprisonment. *See* 18 U.S.C. § 3583(h). The length of this additional term of supervised release may not exceed five years less any term of imprisonment imposed upon revocation. *Id.*

### V. Recommendation

Given the severity of the offense, the United States respectfully recommends that the Court revoke the defendant's supervised release and impose a term of imprisonment within the Guidelines range of 12 to 18 months. Because of the defendant's sentence of five years of imprisonment followed by five years of supervised release in Maryland, the United States does not recommend any additional term of supervised release be imposed by this Court.

       Respectfully submitted,

       Dana J. Boente
       Acting United States Attorney

By:   /s/
       Emily Mintz
       Special Assistant United States Attorney
       Paul J. Nathanson
       Assistant United States Attorney
       Eastern District of Virginia
       United States Attorney's Office
       2100 Jamieson Avenue
       Alexandria, Virginia 22314
       Phone: (703) 299-3700
       Fax: (703) 299-3980
       Email: emily.mintz@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2013, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic copy to the following:

   Paul P. Vangellow
   Paul P. Vangellow, PC
   6109A Arlington Blvd
   Falls Church, VA 22044
   (703) 241-0506
   Fax: 703-615-6984
   Email: pvangellow@gmail.com

In addition, I hereby certify that on October 16, 2103, I emailed a copy of the foregoing to Senior U.S. Probation Officer Barry E. Raymond:

   Barry E. Raymond, Senior U.S. Probation Officer
   U.S. Probation Office, Eastern District of Virginia
   10500 Battleview Parkway, Suite 100
   Manassas, VA 20109
   Email: barry_raymond@vaep.uscourts.gov

                                                    Respectfully submitted,

                                                    Dana J. Boente
                                                    Acting United States Attorney

By:       \_\_\_\_\_/s/_____
              Emily Mintz
              Special Assistant United States Attorney
              Eastern District of Virginia
              Counsel for the United States
              United States Attorney's Office
              2100 Jamieson Avenue
              Alexandria, Virginia 22314
              Phone: (703) 299-3700
              Fax: (703) 299-3980
              Email: emily.mintz@usdoj.gov